In re Anthony Morrell Ford

March 22, 1999

Case No. 98-561

By Judge Randall G. Johnson

When I took this matter under advisement on March 8, I was hoping that I might be able to find some statute or case that modified the law as it existed when I decided the cases of *Papciak v. Torres* and *In re Matthew Philip West Whitfield*, which were decided in one opinion reported at 37 Va. Cir. 316 (1995). I did this not in an attempt to make Anthony pay for something he is not legally obligated to pay but because there is no doubt in my mind, as there was no doubt in my mind about the parents' motives in the two earlier cases, that Ms. Ford's use of Anthony's money was not for any personal gain on her part. Instead, it was her attempt to do what was right. Unfortunately for her, the law is the same now as it was then. Anthony's money should not have been spent without prior court approval. Accordingly, the Court must order that Ms. Ford's bond be forfeited to repay Anthony's estate for all money taken out of it. If Mr. Manson feels that a new guardian is needed, he should file an appropriate motion. I remind Ms. Ford now, as I did in open court, that Mr. Manson is also only doing the job that the court requires him to do. His comments to the Court make it clear that he is also convinced that Ms. Ford's actions were not taken for personal gain. They were simply unfortunate and not in strict compliance with law.